UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| JOHN LENNON,<br>TIFFANY WEAVER,<br>KELLY LEMING,<br>BRANDI HUFFMAN,<br><br>                      Plaintiffs,<br><br>     v.<br><br>ALLEGIANCE ACCOUNTING SERVICES, LLC,<br><br><br><br>                      Defendant. | **DECISION**<br>**and**<br>**ORDER**<br>---------------------------<br>**REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>**19-CV-1541V(F)** |

_____

APPEARANCES:          HILTON PARKER LLC
                      Attorneys for Plaintiffs
                      JONATHAN L. HILTON, of Counsel
                      10400 Blacklick-Eastern Road NW, Suite 110
                      Pickerington, Ohio   43147

                      ALLEGIANCE ACCOUNTING SERVICES, LLC
                      c/o Mr. Tamar Redden
                      392 Pearl Street , Suite 302
                      Buffalo, New York   14202

## JURISDICTION

This case was referred to the undersigned by order of Hon. Lawrence J. Vilardo on February 21, 2020 (Dkt. 8) for all pretrial matters.  It is presently before the court on Plaintiffs' motion for attorneys fees as a sanction on Plaintiffs' motion to compel pursuant to Fed.R.Civ.P. 37(a)(5)(A) awarded by this court's Decision and Order awarding Plaintiffs' expenses against Defendant and Defendant's attorney dated November 12, 2020 (Dkt. 24) and Plaintiffs' motion pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vii) for contempt against Defendant for failure to comply with this court's

Decision and Order dated October 20, 2020 (Dkt. 23) compelling Defendant to provide

document discovery.[1]

## BACKGROUND AND FACTS[2]

Plaintiffs commenced this action on November 14, 2019 alleging several

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, a

violation of Plaintiffs Weaver and Huffman's right of privacy under New York common

law and for a Declaratory Judgment, pursuant to 28 U.S.C. § 2201(a), for compensation

for Defendant's violations from Defendant's bond required by the City of Buffalo

Municipal Code (or Ordinance) § 140.9.

An entry of Defendant's default was docketed on February 10, 2020 (Dkt. 5)

however, Defendant's Answer was filed on February 10, 2020 by Defendant's attorney

David Peltan, (Dkt. 6) without Plaintiffs' request for a default judgment.  On May 16,

2020, a case management order was filed following a conference with counsel (Dkt. 19)

---

[1] Plaintiffs' motion for expenses pursuant to Fed.R.Civ.P. 37(a)(5)(A) is non-dispositive.  *See Laser Med. Research Foundation v. Aeroflot Soviet Airlines*, 1994 WL 584665, at *2 (S.D.N.Y. Oct. 24, 1994) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846 (1990)). "[T]he law is unsettled as to whether a magistrate judge has jurisdiction to determine a motion for sanctions . . . ." *Wik v. City of Rochester*, 2010 WL 3062813, at ** 8-9 (W.D.N.Y. Aug. 2, 2010) (reviewing *de novo* Magistrate Judge's order imposing contempt sanctions and citing *Kiobel v. Millson*, 592 F.3d 78, 107 (2d Cir. 2010) (Jacobs, C.J., concurring) (observing whether a referral pursuant to 28 U.S.C. § 636 includes the authority to rule finally on motions for sanctions under either Rule 11 or Rule 37, and "respectfully suggest[ing] that this knot needs to be untied by Congress or by the Supreme Court."); however, as the undersigned recommends Plaintiffs' motion for sanctions against Defendant should be GRANTED by striking the Answer and entry of a default judgment, such relief is dispositive, *see Michaels v. Banks*, 2011 WL 2118764, at *1 n.1 (N.D.N.Y. Apr. 29, 2011) (noting motion to strike answer is dispositive in nature, *report and recommendation adopted* (2011 WL 211658 (N.D.N.Y. May 29, 2011)), this combined Decision and Order and Report and Recommendation is submitted as required by 28 U.S.C. § 636(b)(1)(B).

[2] Taken from the pleadings and papers filed in connection with this matter and the court's prior Decisions and Orders filed in the case.

requiring, *inter alia*, completion of fact discovery on May 3, 2021.  Thereafter, Plaintiffs commenced discovery seeking documents from Defendant and upon Defendant's failure to provide responses, Plaintiff moved, on September 12, 2020, to compel. Defendant failed, in accordance with the court's briefing schedule (Dkt. 21), to respond to Plaintiffs' motion and by Decision and Order dated October 20, 2020 (Dkt. 23) ("the October 20, 2020 D&O"), the court granted Plaintiffs' motion and required Defendant's discovery responses be provided to Plaintiffs within 20 days.  The court also required Defendant show cause by October 30, 2020, why Plaintiffs' expenses in connection with Plaintiffs' motion, including attorneys fees, should not be awarded as required by Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)") ("October 20, 2020 OTSC").  Defendant failed to respond to the October 20, 2020 OTSC and on November 12, 2020, the court, by Decision and Order (Dkt. 24) ("November 12, 2020 D&O"), found Defendant had failed to show Defendant's failure to provide discovery in compliance with the October 20, 2020 D&O, granting Plaintiffs' motion to compel, was substantially justified or that an award of Plaintiffs' expenses would in the circumstances otherwise be unjust. November 12, 2020 D&O at 2.  The court also found that based on Defendant's failure to respond to the October 20, 2020 OTSC, Defendant and Defendant's attorney, David G. Peltan, should each be responsible for one-half of Plaintiffs' requested expenses as required by Rule 37(b)(2(C).  *See id.* at 2-3.  Accordingly, the court directed Plaintiff to file an affidavit of expenses within 30 days and required Defendant to file its response within 10 days thereafter. *Id.* at 3.  Plaintiffs' motion, including an affidavit of expenses in the amount of $845 (Dkts. 25 at 1; 25-1; 25-3) was filed November 24, 2020 (Dkt. 25).

3

Defendant failed to file any response to Plaintiffs' motion as directed by the November 12, 2020 D&O.

On November 30, 2020, Defendant's attorney moved to withdraw (Dkt. 26). The court scheduled a hearing on Mr. Peltan's motion for January 26, 2021, with notice to Defendant and directed written responses by Defendant to be filed by January 11, 2021. Defendant was served by U.S.P.S. at two addresses, 392 Pearl Street, Suite 302, Buffalo, New York, 14202 and 1841 Seneca Street, Buffalo, New York, 14210, *see* Dkt. 27, 29. The court's notice to Defendant at the 1841 Seneca Street address was returned as undeliverable. *See* Dkt. 29. No response to the motion to withdraw was filed by Defendant nor did Defendant seek to appear at the January 26, 2021 hearing. *See* Dkt. 29. At the hearing, the court granted Plaintiffs' motion for expenses and directed Defendant's former attorney to pay one-half of the requested amount within 10 days. *See* Text Order Dkt. 29. The court also granted Mr. Peltan's motion to withdraw and directed Defendant be served with a copy of the Text Order at Defendant's Pearl Street address with the reminder that a corporation must appear in federal court by counsel. Dkt. 30. A copy of the January 26, 2021 Text Order was served upon Defendant by U.S.P.S. at the Defendant's Pearl Street address attn: Mr. Tamar Redden. Clerk's Remark at Dkt. 30. This Text Order was not returned as undeliverable. *See* Dkt. 30.

Plaintiffs' motion for sanctions followed on February 17, 2021 (Dkt. 31). By Text Order dated February 19, 2021, Defendant's response to Plaintiffs' motion for sanctions was required to be filed by March 5, 2021 (Dkt. 32). Defendant was again served at

Defendant's Pearl Street address; the Text Order was not returned by the U.S.P.S. as undeliverable.  Dkt. 32.  No response to Plaintiffs' motion having then filed by Defendant, the court directed, on June 25, 2021 (Dkt. 33), Defendant to show cause why sanctions, pursuant to Rule 37(b)(2)(A)(iii) (striking pleadings), (vi) (default judgment) should not be imposed on Defendant ("the June 25, 2021 OTSC").  A copy of this order was served on Defendant by U.S.P.S. again at the Defendant's Pearl Street address (Dkt. 33); however, such mailing was returned to the court as undeliverable, *see* Dkt. 34.  To date, no response to Plaintiffs' motion for expenses and sanctions, the court's October 20, 2020 OTSC, or the court's June 25, 2021 OTSC has been filed by Defendant, nor has there been any indication by Plaintiff that Defendant has provided the discovery as directed by the October 20, 2020 D&O, nor has any attorney appeared for Defendant as the court had advised Defendant was required to permit Defendant to further engage in the instant litigation by court appearances.

## DISCUSSION

Attorneys Fees.

Determination of a request for expenses in connection with a  motion to compel as a sanction pursuant to Rule 37(a)(5)(A) requires the court to weigh the reasonableness of the attorney fee requested based on the number of hours expended and the hourly rate put forth by the requesting party.  *See State of New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983))); *see also Scott-Iverson v. Independent Health Association, Inc.*, 2017 WL 2374407, at *2 (W.D.N.Y. May 31, 2017) (an award of expenses "pursuant to Rule 37(a)(5)(A) must be fair and reasonable taking into account the complexities of the motion at issue") (citing caselaw).  Generally, in the absence of special factors to warrant using an hourly rate other than that of the district in which the court sits, the market rate of the district should be used to determine the fee award. *See Grand River Enterprises Six Nations, Ltd.*, at *3 (citing caselaw).  In assessing the reasonableness of the request, the court avoids reimbursement for vague justifications and any time which is excessive, redundant or otherwise unnecessary.  *Id.* at *4.  Here, the number of hours requested by Plaintiffs incurred in connection with Plaintiffs' motion to compel for Plaintiffs' attorney, Jonathan Hilton, Esq., 1.5 hours plus an additional .5 hours to prepare Plaintiffs' motion for expenses (Dkt. 25) ("Plaintiffs' motion") and 2.5 hours by Mr. Hilton's law clerk for a total of 3.9 hours for Plaintiffs' motion to compel and an additional .5 hours for preparation of Plaintiffs' instant motion appears entirely reasonable.  In addition, Mr. Hilton's requested billing rate of $300/hour has been previously approved by this court in other FDCPA cases.  *See* Dkt. 25 (referencing *Gill v. American Elite Recovery, LLC*, 19-CV-1058CCR (W.D.N.Y. June 15, 2020) (approving $300/hr. for Mr. Hilton)).  Additionally, this court has also previously approved an hourly rate of $110 for Mr. Hilton's law clerk who prepared a draft of the Plaintiffs' motion to compel.  *See* Dkt. 25 at 3 (referencing *Lepski v. Bayside Capital Svcs, LLC*, 19-CV-1677WMS, 2020 WL 4192245, at *2 (W.D.N.Y. July 21, 2020) ($110/hr.)).  Accordingly, Plaintiffs' requested total amount of expenses in the sum of

6

$845 incurred in connection with Plaintiffs' motion to compel is reasonable.  Moreover, where, as in this case, the relative culpability of counsel and client for failing to comply with a valid discovery request which necessitated the motion to compel is unclear from the record, "courts do not hesitate to hold both equally liable for an award of attorneys fees pursuant to Rule 37(a)(4)(A).  *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *6 (citing *Mugavero v. Arms Acres, Inc.*, 680 F.Supp.2d 544, 575 (S.D.N.Y. 2010) (citing authorities)).  Here, Defendant and Mr. Peltan's failure to provide any explanation for Defendant's failure to respond to Plaintiffs' modest discovery requests supports finding that both should be held responsible.  Plaintiffs' motion is therefore GRANTED.  Defendant and Defendant's former attorney, David G. Peltan, Esq., shall each pay to Plaintiff, <u>within 20 days</u>, the amount of $427.50 (1/2 of $845) in satisfaction of this award.  In addition, to assure Plaintiffs' ability to obtain such payments, should Peltan or Defendant fail to comply with the court's order, the Clerk of Court should be directed to enter judgment against Mr. Peltan and Defendant in these amounts to assure enforcement of this Decision and Order.

<u>Sanctions</u>.

As noted, Plaintiffs also moved based on Defendant's refusal to compel with the October 20, 2020 D&O, for a sanction, specifically contempt, pursuant to Rule 37(b)(2)(A)(vii).  However, in considering whether to apply a sanction pursuant to Rule 37(b)(2)(A), the court is not restricted to a particular sanction that may be requested by the moving party.  *See Momentum Luggage and Leisure Bags v. Jansport, Inc.*, 45 Fed.Appx. 42, at *2 (2d Cir. 2022) ("district courts retain broad discretion to fashion Rule

37 sanctions" (citing *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36-37 (2d Cir. 1987))); FEDERAL CIVIL RULES HANDBOOK, 2021 Baicker-McKee, Janssen, Corr (Thomson Reuters) at 981 ("The court generally has broad discretion to impose one or more of the listed sanctions [as provided in Rule 37(b)(2)(A)] or any other sanctions it deems appropriate."). In this case, Defendant's failure to provide discovery and its repeated failure to respond to the court's orders, specifically, the October 20, 2020 D&O, granting Plaintiffs' motion to compel production of requested documents from Defendant, Defendant's failure to respond to the October 20, 2020 OTSC explaining why expenses of Plaintiffs' motion should not be awarded pursuant to Rule 37(a)(5)(A), Defendant's failure to respond to Plaintiffs' request for expenses, and Defendant's failure to respond to Mr. Peltan's motion to withdraw, support the conclusion that Defendant is guilty of abject disregard of the court's orders and that although such disregard more than warrants a finding of contempt, yet on this record, and given Defendant's unexcused failure to even respond to Defendant's attorney's request for cooperation (*see* Dkt. 31 at 2) necessitating counsel's withdrawal and Defendant's complete failure to comply with the court's orders, and Defendant's failure to retain new counsel to continue the litigation, it is clear Defendant has no intention to provide the requested discovery as ordered by the court in the October 20, 2020 D&O regardless of a contempt finding as threatened by Plaintiffs' motion.

It is well-established that Rule 37 accords wide discretion to the district court to impose sanctions for a party's failure to comply with court ordered discovery including striking pleadings and entry of default against a disobedient party. *Audino v. Global IVR*

*Solutions, LLC*, 2019 WL 4396081, at *4 (W.D.N.Y. May 13, 2019) (defendant's willful

refusal to attend Rule 30(b)(6) deposition warranted striking answer, entry of default

judgment and award of plaintiff's damages after hearing), *report and recommendation*

*adopted*, 2019 WL 4384132 (W.D.N.Y. Sept. 13, 2019); *see also Cole-Hoover v. United*

*States*, 2017 WL 1425617 (W.D.N.Y. Apr. 21, 2017) (striking of complaint and dismissal

of action based on plaintiff's willful refusal to comply with court order directing plaintiff

provide disclosure of testifying experts in support of plaintiff's malpractice action).  Such

severe sanctions are warranted where party's refusal to comply with a discovery order

is willful, in bad faith or through default.  *See Audino*, 2019 WL 4396081, at *4 (citing

*Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 143 (2d Cir.

2010)); *Jones v. J.C. Penney's Dept. Stores*, 228 F.R.D. 190, 196 (W.D.N.Y. 2005);

*John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir.

1988) (internal citations omitted).  In imposing severe sanctions courts are required to

consider (1) the willfulness of the non-compliant party and any reason for non-

compliance, (2) the efficacy of lesser sanctions, (3) the duration of non-compliance, and

(4) whether the non-compliant party has been warned of the consequences of non-

compliance.  *Audino*, 2019 WL 4396081, at *4 (quoting *Agiwal v. Mid Island Mortgage*

*Corporation*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alterations

omitted).  Where the answer is struck and default and judgment entered, if the damages

are unliquidated the sanctions are limited to plaintiff's damages to be determined upon a

subsequent evidentiary hearing.  *Audino*, 2019 WL 4396081, at *4 (citing *Complexions,*

*Inc. v. Industry Outfitters, Inc.*, 2011 WL 806828, at **1-2 (N.D.N.Y. Mar. 2, 2011)).

Here, the record demonstrates Defendant's failure to comply was willful as Defendant received, through Defendant's then counsel, Plaintiffs' discovery requests and following Defendant's failure to comply despite Defendant's counsel's request for cooperation. *See* Dkt. 31 at 2 (Defendant's attorney advised court and Plaintiffs at the January 26, 2021 conference he had advised Defendant of Plaintiffs' discovery request "and the Order" [the October 20, 2020 D&O] "but had not heard back from his client [Defendant]"). In addition, following Mr. Peltan's withdrawal on January 26, 2021, Plaintiffs e-mailed Defendant on January 29, 2021 "reminding Defendant of the Order and informing Defendant that Plaintiff was preparing to move for sanctions." Dkt. 31 at 3 (referencing Exhs. 1 and 2). Further, despite Plaintiffs' motion on February 19, 2021 for a sanction, *i.e.*, contempt, and the court's June 25, 2021 OTSC, directing Defendant show cause why sanctions pursuant to Rule 37(b)(2)(A)(iii) (striking Defendant's answer) and (vii) (entry of default judgment) should not be applied against Defendant, Defendant nevertheless continued in Defendant's refusal to respond or comply, constituting abject disregard for the court's orders and authority, therefore amply supporting Defendant's non-compliance was willful. Similarly, the lack of efficacy of lesser sanctions is also evidenced by the record, specifically, that the court's award of attorneys fees in the November 12, 2020 D&O failed to induce Defendant's compliance with the October 20, 2020 D&O compelling Defendant's discovery. Defendant's long-standing, since October 2020, failure to comply, as well as Plaintiffs' January 29, 2021 e-mail warning to Defendant that Plaintiffs intended to seek sanctions, and the court's June 25, 2021 OTSC specifically referencing the court's intention to consider striking

Defendant's answer and entering a default judgment provided Defendant with sufficient notice thus satisfying both the third and fourth factors supporting Defendant's non-compliance was willful.[3]  Defendant's continued refusal to comply with the October 20, 2020 D&O, together with the Plaintiffs and the court's notice that continued non-compliance may result in severe sanctions, provided Defendant with adequate forewarning such sanctions were contemplated and expected.  The court therefore finds Defendant's non-compliance with Defendant's discovery obligations to have been willful warranting sanctions pursuant to Rule 37(b)(2)(A)(iii).

Although the FDCPA provides for statutory damages, *see* 15 U.S.C. § 1692k(a) (providing that a court may award up to $ 1,000 in statutory damages for violating the FDCPA), a further determination of the damages to be awarded by the court will be required by the court to consider what damages should be awarded based on evidence to be provided by Plaintiff.  *See Copper v. Global Check & Credit Services*, LLC, 2010 WL 5463338, at * 2 (W.D.N.Y. Dec. 29, 2010) (explaining the specific amount of statutory damages to be awarded for violations of the FDCPA is within the court's

---

[3]  That the June 25, 2021 OTSC was returned as undeliverable does not avoid the sanctions recommended herein for lack of notice as Defendant's status as a *pro se* litigant upon Mr. Peltan's withdrawal required Defendant to provide the court with a working address in compliance with Local Rule of Civil Procedure 5.2(d) (requiring *pro se* party to provide correct address to court).  *See Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995) (affirming order of attorney grievance committee suspending the attorney plaintiff from practice where the attorney plaintiff, who proceeded *pro se*, challenged the suspension proceedings as violating due process based on a failure to provide the plaintiff with notice of the proceedings, finding the plaintiff must "bear the consequences" of providing the court with an incorrect address); *Amerio v. Gray*, 2018 WL 10323051, at * 2 (N.D.N.Y. Aug. 6, 2018) (admonishing *pro se* defendant that the failure to notify the court of any change of his address and contact information, as required by the relevant local rule, may result in sanctions).  Thus a contrary holding would create the unintended consequence where the *pro se* plaintiff could avoid sanctions by failing to keep the court informed of his correct address.  Thus, a contrary holding would create the unintended and unacceptable consequence where the *pro se* party could avoid sanctions by failing to keep the court informed of his correct address.

discretion and must be based on consideration of certain factors, including "the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional." (citing 15 U.S.C. § 1692k(b)(1))).  Additionally, Plaintiffs Weaver and Huffman seek damages based on a common law privacy violation claim.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion for attorneys fees (Dkt. 25) is GRANTED; Plaintiffs' motion for sanctions (Dkt. 31) should be GRANTED by striking the Answer and entry of default as recommended by undersigned, and the matter re-referred to the undersigned for a determination of Plaintiffs' damages, and a further Report and Recommendation to the District Judge.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to the
Motion for Attorneys Fees

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 31, 2022
        Buffalo, New York

12

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Decision and Order / Report and Recommendation to the attorney for Plaintiffs and to Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 31, 2022
                 Buffalo, New York

14