UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN LENNON, *et al.*,

      Plaintiffs,

  v.                                              19-CV-1541-LJV-LGF
                                                    DECISION & ORDER
ALLEGIANCE ACCOUNTING
SERVICES, LLC,

      Defendant.

On November 14, 2019, the plaintiffs—John Lennon, Tiffany Weaver, Kelly Leming, and Brandi Huffman—commenced this action against Allegiance Accounting Services, LLC ("Allegiance").  Docket Item 1.  On February 12, 2020, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 8.

On November 24, 2020, the plaintiffs moved for attorney's fees after Allegiance failed to respond to their discovery demands.  Docket Item 25.  About a week later, counsel for Allegiance moved to withdraw, Docket Item 26, and on January 26, 2021, Judge Foschio granted that motion, Docket Item 30.  Since then, Allegiance has been without counsel of record, even though it is a limited liability company and therefore can appear only through counsel.  *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).

On February 17, 2021, the plaintiffs moved to sanction Allegiance for its continued failure to comply with Judge Foschio's discovery orders.  Docket Item 31. After Allegiance failed to respond to that motion, Judge Foschio issued an order on

June 25, 2021, requiring Allegiance to "show cause . . . why sanctions pursuant to Rule 37(b)(2)(A)(iii)[] [and] (vi) should not be imposed."  Docket Item 33 at 2.  Allegiance did not respond to that order.[1]

On March 31, 2022, Judge Foschio issued a Report and Recommendation and Decision and Order (collectively, "R&R") granting the plaintiffs' motion for attorney's fees and recommending that the plaintiffs' motion for sanctions be granted as well.  Docket Item 40.  More specifically, Judge Foschio recommended striking Allegiance's answer and entering a default.[2]  *Id.* at 12.  Allegiance did not object to or appeal the R&R before the time to do so expired.  But because the R&R had been sent to only one address associated with Allegiance,[3] and because this Court was aware of other addresses where Allegiance might be found, this Court deferred consideration of the R&R, mailed

---

[1] Judge Foschio's June 25, 2021 order to show cause was mailed to Allegiance at its address listed on the docket; that mailing ultimately was returned as undeliverable.  *See* Docket Item 34.  As Judge Foschio explained, one of the factors courts consider in imposing sanctions is "whether the non-compliant party has been warned of the consequences of non-compliance."  Docket Item 40 at 9 (citing *Audino v. Global IVR Sols., LLC*, 2019 WL 4396081, at *4 (W.D.N.Y. May 13, 2019)).  But even if the returned mailing suggests that Allegiance never received the order to show cause, Allegiance later was "warned of the consequences of non-compliance" when this Court deferred adopting the R&R, mailed it to three separate addresses associated with Allegiance, and extended Allegiance's time to object.  *See* Docket Item 42.

[2] Judge Foschio also suggested that this Court should enter a default judgment against Allegiance.  *See, e.g.*, Docket Item 40 at 2 n.1 ("[T]he undersigned recommends . . . entry of a default judgment").  But the R&R does not recommend a default judgment in its conclusion, *see id.* at 12, nor does it explain how "the [plaintiffs'] allegations establish [Allegiance's] liability as a matter of law."  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  So this Court therefore declines to enter a default judgment against Allegiance at this time.  *See id.* ("suggest[ing] that, prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law" (alterations and internal quotation marks omitted)).

[3] That mailing was returned as undeliverable.  *See* Docket Item 41.

the R&R to those other addresses, and extended Allegiance's time to object.  *See* Docket Item 42.  This Court warned, however, that if Allegiance did not retain counsel to appear and file objections by June 23, 2022, the Court would "consider the R&R based on the existing submissions." *Id.*  Allegiance did not respond to that order or file any objections, and the extended deadline now has passed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to strike Allegiance's answer and direct the Clerk of the Court to enter a default.

Allegiance now has incurred sanctions in two cases before this Court because of its failure to comply with court orders.  *See also* No. 19-cv-1277.  And in each case, Allegiance has been without counsel of record for more than a year.  *See* Docket Item 30; No. 19-cv-1277, Docket Item 27.  Although this Court will not enter a default judgment against Allegiance at this time, Allegiance is warned that its continued refusal to participate in litigation might very well end with a default judgment against it.

For the reasons stated above and in the R&R, the plaintiffs' motion for sanctions, Docket Item 31, is GRANTED. The Court strikes Allegiance's answer and the Clerk of the Court shall enter a default. The case is referred back to Judge Foschio for further proceedings, including any report and recommendation on default judgment and damages, consistent with the referral order of February 12, 2020, Docket Item 8.

SO ORDERED.

Dated: June 30, 2022
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

4