UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN LENNON, *et al.*,

    Plaintiffs,

  v.                                         19-CV-1541-LJV-LGF
                                                     DECISION & ORDER

ALLEGIANCE ACCOUNTING
SERVICES, LLC,

    Defendant.

---

On November 14, 2019, the plaintiffs—John Lennon, Tiffany Weaver, Kelly Leming, and Brandi Huffman—commenced this action against Allegiance Accounting Services, LLC ("Allegiance"). Docket Item 1. They allege, *inter alia*, that Allegiance violated the Fair Debt Collection Practices Act ("FDCPA") by making various unlawful attempts to collect the plaintiffs' personal debts. *Id.*

On February 12, 2020, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 8. On June 30, 2022, this Court accepted and adopted Judge Foschio's recommendation to strike Allegiance's answer due to its failure to comply with court orders. Docket Item 43. In that order, this Court directed the Clerk of the Court to enter a default against Allegiance but "decline[d] to enter a default judgment . . . at th[at] time." *Id.* at 2 n.2, 3.

On August 10, 2022, the plaintiffs moved for a default judgment on their FDCPA claims.[1]  Docket Item 52.  On December 20, 2022, Judge Foschio issued a Report and Recommendation ("R&R") finding that the plaintiffs' motion should be granted in part and denied in part.  Docket Item 57.  More specifically, Judge Foschio recommended that each plaintiff be awarded $500 in statutory damages and that Huffman, Lennon, and Weaver be awarded $500 in actual damages.  *Id.*  Judge Foschio also recommended that the plaintiffs be awarded $3,149.50 in attorney's fees and costs.  *Id.*  The parties did not object to the R&R, and the time to do so has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to grant the plaintiffs' motion for a default judgment in part and deny it in part.

---

[1] The plaintiffs do not seek a default judgment on the remaining claims in their complaint.  *See* Docket Item 52 at 1.

For the reasons stated above and in the R&R, the plaintiffs' motion for a default judgment, Docket Item 52, is GRANTED in part and DENIED in part. The Clerk of the Court shall enter judgment in favor of the plaintiffs for the following amounts: $1,000 in damages for plaintiffs Huffman, Lennon, and Weaver; $500 in damages for plaintiff Leming; and $3,149.50 in attorney's fees and costs. The Clerk of the Court shall close the case.

SO ORDERED.

Dated:      January 17, 2023
            Buffalo, New York

                                            /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE