UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN LENNON, *et al.*,

        Plaintiff,

v.

ALLEGIANCE ACCOUNTING
SERVICES, LLC,

        Defendant.

19-CV-1541-LJV-LGF
DECISION & ORDER

---

On November 14, 2019, John Lennon, Tiffany Weaver, Kelly Leming, and Brandi Huffman sued Allegiance Accounting Services, LLC ("Allegiance"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Buffalo Municipal Code, as well as invasion of privacy. Docket Item 1. On August 10, 2022, the plaintiffs moved for a default judgment on their FDCPA claims.[1] Docket Item 52. After Allegiance did not respond, on January 17, 2023, this Court granted in part and denied in part the plaintiffs' motion.[2] Docket Item 58. It held that judgment should be entered for the plaintiffs in the amounts of $1,000 each in damages for Huffman, Lennon, and Weaver; $500 in

---

[1] The plaintiffs "request[ed] judgment in the amount of $14,060.51, including $1,000 in statutory damages for each plaintiff (totaling $4,000) under the [FDCPA], 15 U.S.C. 1692 *et seq.* . . . ; $2,000 each in noneconomic damages (totaling $6,000) for [Huffman, Lennon, and Weaver] under the FDCPA; $3,660.51 in attorney['s] fees; and $400 in litigation expenses and court costs." Docket Item 52 at 1. The fourth plaintiff, Leming, did not submit a declaration in support of actual damages. *Id.*

[2] The Court's opinion adopted in full the report and recommendation of Magistrate Judge Leslie G. Foschio, *see* Docket Items 57-58, to whom this Court had referred the case for "pre-trial matters," including "hear[ing] and report[ing] upon dispositive motions," Docket Item 8.

damages for Leming; and $3,149.50 in attorney's fees and costs.  *Id.* at 3.  The Clerk of the Court subsequently entered a default judgment in favor of the plaintiffs and mailed a copy to Allegiance at the address on record.[3]  Docket Item 59.

Nearly six months later, that judgment remained unexecuted.  Docket Item 63.  So on June 2, 2023, the plaintiffs moved (1) "to appoint a special process server"—specifically, "WNY Process Service, LLC"—"to serve writs of execution" and (2) "to permit financial institutions to deposit funds with the Clerk of [this] Court[]."  *Id.* at 1.  This Court set a briefing schedule on the motion that required Allegiance to respond by June 26, 2023.  Docket Item 64.  It did not do so.

The Court now grants in part and denies in part the plaintiffs' motion, Docket Item 63.

## DISCUSSION

I. **MOTION TO APPOINT A SPECIAL PROCESS SERVER**

First, the plaintiffs seek permission "to appoint a special process server."  *Id.* at 1.

Federal Rule of Civil Procedure 4.1[4] provides that "[p]rocess—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United

---

[3] This mail was returned as undeliverable.  *See* Docket Items 60-61.

[4] The plaintiffs' motion and some of the cases cited in this opinion refer to Federal Rule of Civil Procedure "4(c)(3)."  *See, e.g.*, Docket Item 63 at 2-3; *State Farm Mut. Auto. Ins. Co. v. Lincow*, 263 F.R.D. 154, 155 (E.D. Pa. 2009).  But under the 1993 Amendments, Rule 4(c)(3) was restyled as part of 4.1, which was created to "separate those few provisions of the former Rule 4 bearing on matters other than service of a summons to allow greater textual clarity in Rule 4."  Fed. R. Civ. P. 4.1 advisory committee's note to 1993 amendment; *see McPhaul v. Insight Mgmt. Partners, LLC*, 2022 WL 1607394, at *2 (W.D.N.Y. May 20, 2022) (noting that "Rule 4(c) was redesignated as Rule 4.1 for purposes of clarity.").  The commentary specifically states

2

States marshal or deputy marshal or by a person specially appointed for that purpose." The Second Circuit has held that "'[p]rocess' under this provision includes writs of execution." *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 20 (2d Cir. 1995). Accordingly, Rule 4.1(a) allows for the appointment of private process servers to serve writs of execution. *See Lation v. Fetner Props., Inc.*, 2019 WL 1614691, at *4 & n.1 (S.D.N.Y. Apr. 16, 2019) (finding "no reason to deny [a] request to specially appoint a process server"); *McPhaul*, 2022 WL 1607394, at *2 (granting motion to appoint special process server for writ of execution); *see also Lincow*, 263 F.R.D. at 155 (granting same over objection that it would violate constitutional right to due process).  Courts have held that the party who moves for the appointment of the special process server must pay for that service. *McPhaul*, 2022 WL 1607394, at *2; *see also Lation*, 2019 WL 1614691, at *4.

In recent years, courts in this District have granted several motions for the appointment of a special process server that were filed by the very counsel who represents the plaintiffs in this case. *McPhaul*, 2022 WL 1607394, at *2 (collecting cases). This Court sees no reason to depart from those rulings here. Accordingly, the plaintiffs' motion to appoint WNY Process Service, LLC, as a special process server, Docket Item 63, is granted. The plaintiffs will be responsible for the cost. *See McPhaul*, 2022 WL 1607394, at *2.

---

that new Rule 4.1(a) "contains no new language." Fed. R. Civ. P. 4.1 advisory committee's note to 1993 amendment.

3

## II. MOTION TO ALLOW DEPOSIT OF FUNDS

The plaintiffs also ask this Court to "permit financial institutions to deposit funds with the Clerk of [this] Court[]." Docket Item 63 at 1.

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."[5] "In New York, [Civil Practice Law and Rules ("C.P.L.R.")] [A]rticle 52 governs the enforcement and collection of money judgments," *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018) (citing N.Y. C.P.L.R. §§ 5201-5252), and C.P.L.R. Article 62 governs attachment, N.Y. C.P.L.R. §§ 6201-6226; *see McPhaul*, 2022 WL 1607394, at *2. Under Article 62,

> [any] person who, pursuant to an order of attachment, pays or delivers to the sheriff money or other personal property in which a defendant has or will have an interest, or so pays a debt he owes the defendant, is discharged from his obligation to the defendant to the extent of the payment or delivery.

N.Y. C.P.L.R. § 6204.

Here, the plaintiffs ask for the payment of the debt to be made to the Clerk of this Court rather than the relevant county sheriff. Docket Item 63 at 3. The plaintiffs say that "New York banks typically are familiar with state court writs of execution, and their procedure is always to forward executed funds to the local county sheriff's office." *Id.* But they argue that "[b]ecause the [U.S. Marshals Service in] the Western District of New York . . . do[es] not accept executed funds for deposit, the closest approximation to

---

[5] The rule provides that "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). The plaintiffs do not cite any federal statute that would control the proper procedure here, and this Court could find none. *See* Docket Item 63.

4

New York procedure is to have the funds deposited with the Clerk." *Id.* at 4. And because Federal Rule of Civil Procedure 67(a) provides that funds cannot be deposited with the Clerk of the Court without a judge's permission, the plaintiffs ask this Court to provide that permission. Fed. R. Civ. P 67(a); Docket Item 63 at 4.

As was recently noted by another court addressing a similar motion brought by the plaintiffs' counsel here, "[i]t appears [that this attorney] is the only attorney in the Western District of New York who has filed a motion to deposit funds and appoint a process server since 2018."[6] *McPhaul*, 2022 WL 1607394, at *2. For the reasons that follow, this Court declines to exercise its discretion to authorize such a deposit.

Federal Rule of Civil Procedure 67 provides that

> [i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute[.]" *Radha Geismann, M.D.,*

---

[6] The plaintiffs' attorney has made similar requests in several other courts in this District, and those requests have been granted. *McPhaul*, 2022 WL 1607394, at *2 (collecting cases); *see Gill v. Amer. Elite Recovery, LLC*, Case No. 19-cv-1058, Docket Item 35 (W.D.N.Y. Sept. 2, 2021); *Carlson v. Pendleton Capital Mgmt., Inc.,* Case No. 19-cv-1410, Docket Item 12 (W.D.N.Y. Aug. 23, 2021); *Gorsuch v. Premier Recovery Grp., Inc.*, Case No. 19-cv-1357, Docket Item 21 (W.D.N.Y. Aug 15, 2022); *Avery v. Client Resol. Mgmt., LLC*, 22-mc-9, Docket Item 4 (Apr. 20, 2022). But except for one of these cases, all summarily granted the request, largely on the terms of counsel's unopposed proposed order. *See Gill*, Case No. 19-cv-1058, Docket Items 34 (W.D.N.Y. Aug. 19, 2021); *id.*, Docket Item 35; *Carlson*, Case No. 19-cv-1410, Docket Items 11 (W.D.N.Y. Aug. 19, 2021); *id.*, Docket Item 12; *Gorsuch*, Case No. 19-cv-1357, Docket Item 20 (W.D.N.Y. June 29, 2022); *id.*, Docket Item 21; *Avery*, Case No. 22-mc-9, Docket Item 2 (W.D.N.Y. Apr. 14, 2022); *id.*, Docket Item 4. And the exception, *McPhaul*, does not explain why Rule 67(a) applies. *See McPhaul*, 2022 WL 1607394, at *2.

*P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018).  In fact, courts have recognized that "[t]he core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto."  *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007); *see also United States v. N.Y. State Sup. Ct., Erie Cnty.*, 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008) (same).  "It is within the court's discretion to permit or deny such a deposit."  *N.Y. State Sup. Ct.*, 2008 WL 305011, at *3.  A court may decline to exercise that discretion when, for instance, it "see[s] no need to burden [the court] with managing funds that are not directly at issue in th[e] case" before it.  *Wimberly v. Stern*, 2023 WL 5578292, at *1 (S.D.N.Y. Aug. 29, 2023).

In this case—unlike the typical Rule 67 action—there is no ongoing legal dispute over the funds that would be deposited.  *See ZocDoc*, 909 F.3d at 541.  On the contrary, as already noted, this Court recently entered a default judgment in favor of the plaintiffs for a specific amount.  Docket Items 58-59.  Moreover, under the terms of Rule 67(a), only "a *party*" (with leave of the Court) may deposit funds.  Fed. R. Civ. P. 67(a) (emphasis added).  But here, the plaintiffs ask the Court to allow "the financial institution receiving the writ of garnishment"—not a party in this case—to deposit funds with the Court.  Docket Item 63 at 3.

In spite of these issues, the plaintiffs do not cite any case law explaining why Rule 67(a) applies here or why it is impossible to follow the usual practice of attorneys in this District, where "private attorneys typically obtain a transcript (or abstract) of the

6

order of judgment and file th[at] order with the appropriate *County Clerk's Office*."[7] *McPhaul*, 2022 WL 1607394, at *2 (emphasis added).  In other words, the plaintiffs provide no reason why this judgment cannot be enforced like any other.  And in the absence of any reason to do so, the Court declines to exercise its discretion to grant the plaintiffs' Rule 67(a) request.  The plaintiffs' motion "to permit financial institutions to deposit funds with the Clerk of [the] Court[]," Docket Item 63 at 1, therefore is denied without prejudice.  If there is some reason why this judgment requires different treatment, the plaintiffs can renew their motion.

## **CONCLUSION**

For the reasons stated above, the plaintiffs' motion, Docket Item 63, is GRANTED in part and DENIED in part.  The motion to appoint WNY Process Service, LLC, as a special process server is GRANTED, but the motion to permit deposits with the Clerk of this Court is DENIED without prejudice.

SO ORDERED.

Dated:  December 1, 2023
         Buffalo, New York

    */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[7] "Thereafter, the local sheriff serves a copy of the order upon the garnishee and takes possession of the property."  *McPhaul*, 2022 WL 1607394, at *2.

7